J-S70009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KALEEM TYLER | |
| Appellant | No. 169 EDA 2014 |

Appeal from the Judgment of Sentence August 27, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012079-2012,
CP-51-CR-0014542-2011

BEFORE:  LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                     **FILED DECEMBER 02, 2014**

Kaleem Tyler appeals from his judgment of sentence imposed in the Court of Common Pleas of Philadelphia County after he entered open pleas of guilty to aggravated assault, attempted murder and two counts of possession of instruments of crime (PIC).[1]  Upon review, we affirm.

These charges stem from two incidents in which Tyler shot two different individuals.  At Tyler's guilty plea hearing before the Honorable

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Tyler was charged at two separate docket numbers.  The pleas to aggravated assault and one count of PIC were entered at docket number CP-51-CR-0014542-2011, and the pleas to attempted murder and PIC related to docket CP-51-CR-0012079-2012.

Paula Patrick, counsel for the Commonwealth recited the facts of the cases

as follows:

> Your Honor, on [docket number] 12079-2012, this occurred on August 28th, 2011 approximately 4:40 p.m. in the area of the 400 block of 64th Street here in the city and county of Philadelphia.

> Your Honor, at that date, time, and location, the complainant in this case who was later identified as Justin Brown was sitting on his steps when [Tyler] approached him walking up 64th and Callowhill. As [Tyler] approached [Brown], [Tyler] pulled out a dark colored gun from his – concealed on [Tyler's] person and began shooting at [Brown].

> While [Tyler] fired multiple shots at [Brown], several of these shots struck [Brown]. He was struck in the back of both legs, and he was also struck in the thigh and suffered serious bodily injury that required him to be rushed to the hospital and receive treatment for those gunshot wounds. [Brown] described [Tyler] as firing five to eight shots in his direction.

> . . .

> On [docket number] 14542-2011, this happened on October 18th, 2011 at approximately 11:40 p.m. A[t] that time the complainant was in the area outside of a bar called Pleasures Lounge at 58th and Master Streets here in the city and county of Philadelphia.

> The complainant identified as [Marlon Pennicott] as well as a friend . . . later identified as Jamal Palmer were involved in a verbal altercation with [Tyler] outside of that bar. After the altercation broke up, [Pennicott and Palmer] began walking away from [Tyler]. They were headed towards their parked car. [Tyler] followed them. He was carrying a dark black colored handgun on his person.

> [Tyler] as he approached [Pennicott] began firing that weapon [at Pennicott]. One of those shots struck [Pennicott] in his left buttock region of his body. As [Pennicott] fell to the ground, [Tyler] stood over him and was racking the handgun that was in his possession numerous times pointing it at [Pennicott] and

eventually [Pennicott] was able to get away from [Tyler]. This incident was witnessed by a security guard who was working at the bar, witnessed this and was able to also describe to police what he observed that day.

N.T. Guilty Plea, 6/27/13, at 15-18.

Tyler was arrested separately and charged with numerous offenses stemming from each incident. On June 27, 2013, he entered open guilty pleas to the above offenses; the Commonwealth *nolle prossed* the remaining charges. The trial court ordered a pre-sentence investigation and, on August 27, 2013, Tyler appeared for sentencing. At docket number CP-51-CR-0014542-2011, the trial court imposed a sentence of 7 ½ to 15 years on the aggravated assault conviction and 2½ to 5 years for PIC, to run concurrently. At docket number CP-51-CR-0012079-2012, Tyler was sentenced to 15 to 30 years for attempted murder and 2½ to 5 years for PIC, to run concurrently to each other and the charges imposed at the other docket.[2]

Tyler filed a post-sentence motion for reconsideration of his sentence on September 6, 2013. The motion was denied by operation of law on

_____

[2] Tyler was also resentenced for a violation of probation at the same hearing. On that case, docketed at CP-51-CR-0016179-2009, Tyler was sentenced to serve the balance of his prior sentence, which was 11½ to 23 months' incarceration, to run concurrently to the newly imposed sentences.

January 7, 2014. Tyler filed a timely notice of appeal[3] on January 8, 2014, followed by a court-ordered Rule 1925(b) statement of errors complained of on appeal.

Tyler raises one issue for our review:

Was [Tyler's] sentence of fifteen to thirty years of incarceration manifestly excessive and an abuse of discretion, where the sentencing guidelines overstated the seriousness of the offenses, and where the sentencing court failed to properly consider [Tyler's] background, acceptance of responsibility, and other mitigating circumstances?

Brief of Appellant, at 3.

Tyler's claim implicates the discretionary aspects of his sentence, which are not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test. **Commonwealth v. Prisk**, 13 A.3d 526 (Pa. Super 2011).

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902

_____

[3] In her Pa.R.A.P. 1925(a) opinion, Judge Patrick asserts that Tyler's notice of appeal was untimely filed and should be quashed. Citing Pa.R.A.P. 903(a), the court states that Tyler was required to file his notice of appeal within thirty days of the date his judgment of sentence was entered. In recommending quashal, however, Judge Patrick ignores the provisions of Pa.R.Crim.P. 702, governing the time for filing appeals in criminal cases where post-sentence motions are filed. Here, Tyler filed post-sentence motions which were not acted upon by Judge Patrick and, as a result, were denied by operation of law pursuant to Rule 720(B)(3)(a) on January 7, 2014. Tyler filed his notice of appeal on January 8, 2014, well within the time period imposed under Rule 720(A)(2)(b). Accordingly, Tyler's appeal is timely and we may address its merits.

and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 532 (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)). An appellate court will find a "substantial question" and review the decision of the trial court only where an aggrieved party can articulate clear reasons why the sentence imposed by the trial court compromises the sentencing scheme as a whole. ***Commonwealth v. Tuladziecki***, 522 A.2d 17 (Pa. 1987).

Here, Tyler has included a Rule 2119(f) statement in his brief, in which he claims that, "under the particular circumstances of [his] case, [Tyler's sentence] overstated the seriousness of the offenses to which [he] pled guilty." Brief of Appellant, at 11. Tyler further alleges that "the trial court failed to take into account relevant provisions of the Sentencing Code, gave excessive weight to [Tyler's] prior record by 'double counting' offenses that were already included in [his] prior record score, and failed to consider the mitigating circumstances presented as well as [Tyler's] rehabilitative needs." *Id.*

We find Tyler's claim to be somewhat curious, given that the trial court actually sentenced him in the standard and mitigated ranges of the Sentencing Guidelines. Tyler would have us find that the "circumstances of [his] case" are such that the mitigated range sentence "substantially

overstated the seriousness" of the attempted murder conviction under docket number CP-51-CR-0012079-2012. Tyler and his counsel presumably present this argument in all earnestness, despite the fact that, while on probation for a firearms violation, he approached an individual who was sitting on his own steps and, unprovoked, fired five to eight shots at him, striking his victim in the back of both legs and the thigh, and caused him to suffer "serious bodily injury that required him to be rushed to the hospital and receive treatment[.]" N.T. Guilty Plea, 6/27/13, at 16. For this unprovoked attack with a deadly weapon, Tyler received a mitigated range sentence. Yet he finds even this sentence excessive, cavalierly downplaying its seriousness by arguing that "the complainant was shot in a non-vital part of the body, in a manner that was not calculated or likely to be fatal; [and Tyler] **declined further opportunity to inflict death or additional injury**." Brief of Appellant, at 17 (emphasis added).

We decline to find that his claim presents a substantial question for our review. Moreover, we find that the court did not impermissibly "double count" Tyler's prior record in imposing sentence. While the court did note Tyler's "extensive criminal history," N.T. Sentencing, 8/27/13, at 29, the court also noted Tyler's propensity to commit further crimes, the impact of his life choices on society and his bad character. The court was also in possession of, and reviewed, Tyler's presentence report. Where a pre-sentence report exists, we presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed

those considerations along with mitigating statutory factors. *Commonwealth v. Walls*, 926 A.2d 957, 967 n.7 (Pa. 2007).

For all the above reasons, Tyler is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2014